**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,
           Plaintiff,

v.

D-5   RONALD ZAJAC,
           Defendant.

Case No. 12-20030

Hon. Nancy G. Edmunds

---

Robert Cares (P28888)
David A. Gardey (P48990)
Stephanie Dawkins Davis (P47265)
Assistant U.S. Attorneys
Attorneys for Plaintiff
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9736
robert.cares@usdoj.gov
david.gardey@usdoj.gov
stephanie.davis@usdoj.gov

Eric A. Ladasz   (P65354)
ERIC A. LADASZ, P.C.
Attorney for Defendant Ronald Zajac
25121 Ford Road
Dearborn, Michigan 48128
(313) 274-2890
eladasz@yahoo.com

---

**DEFENDANT RONALD ZAJAC'S MOTION TO**
**DISMISS THE SEVENTH SUPERSEDING INDICTMENT**

Defendant, Ronald Zajac, by and through his attorney, Eric A. Ladasz, respectfully moves this

Honorable Court to Dismiss the Seventh Superseding Indictment because is it based on void and

improper information and is a violation of statutory law, common law, and constitutional law as set

forth below and for the reasons set forth in the Brief in Support of this Motion attached hereto and

incorporated by reference.

1.      A Fifth Superseding Indictment was filed on March 20, 2013, which was returned by Grand

        Jury 11-5.

2. Grand Jury 11-5 was impaneled on September 9, 2011.  Grand Jury 11-5's term expired on March 8 or March 9, 2013 pursuant to 18 U.S.C. § 3331(a).

3. However, Grand Jury 11-5 illegally continued to conduct business, in violation of 18 U.S.C. § 3331(a), after the expiration of its term.

4. The expired, and therefore no longer validly sitting, Grand Jury 11-5 heard testimony of five individuals after the expiration of its term.

5. The Fifth Superseding Indictment issued by the expired, invalid Grand Jury 11-5, is null and void.

6. The testimony heard by the expired, invalid Grand Jury 11-5 is also void, and such transcripts are not Grand Jury transcripts.

7. At least one of the transcripts of such individuals' supposed testimony, which was improperly heard and obtained, was cited by a FBI agent testifying to the grand jury that returned the Seventh Superseding Indictment filed on April 16, 2014.

8. The testimony provided to the Grand Jury which issued the Seventh Superseding Indictment was provided through the testimony of FBI agents, not through direct testimony of the original individuals.

9. Grand juries should make determinations from "testimony it has heard in full, not from selected versions submitted by the prosecutor; that if any part of the testimony of the witness is to be read to another grand jury, the entire testimony should be so read in its complete unedited form, and then only when the witness is unavailable for recall." *United States v. Braniff Airways, Inc.,* 428 F. Supp 579, 584 (W.D. Tex. 1977).

10.     The Assistant United States Attorneys in this case have violated the law by (1) filing an indictment by an expired, invalid 'grand jury', (2) taking improper testimony of individuals, and (3) presenting such improper testimony (and other testimony) in a way so as to prevent the properly sitting grand jury from hearing the testimony in full and the opportunity to assess the demeanor of the witness, the witness' manner of testifying, etc.

11.     As stated in *United States v. Gallo*, 394 F. Supp. 310, 313-314 (D. Conn. 1975), "courts must be ever vigilant to preserve the functions of the grand jury as an effective safeguard against oppressive actions of the prosecutor ...(citing *Gaither v. United States*, 413 F. 2d. 1061, 1066 (D.C. Cir. 1969), quoting from *United States v. Cox*, 342 F. 2d. 167, 170 (5th Cir. 1965).

12.     The Assistant United States Attorneys' multiple violations of the law constitute a violation of Defendant Zajac's Constitutional due process rights.

13.     Defendant Zajac moves this Court to dismiss the Seventh Superseding Indictment based on such multiple violations of the law.

14.     The Government does not concur with the relief requested.


                                        Respectfully Submitted
                                        ERIC A. LADASZ, P.C.

                                        By:   */s/ Eric A. Ladasz*
                                               Eric A. Ladasz (P65354)
                                        Attorney for Defendant Ronald Zajac
                                        25121 Ford Road
                                        Dearborn, MI 48128
                                        (313) 274-2890
                                        eladasz@yahoo.com

Dated: August 6, 2014

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 12-20030

v.                                  Hon. Nancy G. Edmunds

D-5  RONALD ZAJAC,

        Defendant.

| | |
|---|---|
| Robert Cares (P28888) | Eric A. Ladasz   (P65354) |
| David A. Gardey (P48990) | ERIC A. LADASZ, P.C. |
| Stephanie Dawkins Davis (P47265) | Attorney for Defendant Ronald Zajac |
| Assistant U.S. Attorneys | 25121 Ford Road |
| Attorneys for Plaintiff | Dearborn, Michigan 48128 |
| 211 West Fort Street, Suite 2001 | (313) 274-2890 |
| Detroit, Michigan 48226 | eladasz@yahoo.com |
| (313) 226-9736 | |
| robert.cares@usdoj.gov | |
| david.gardey@usdoj.gov | |
| stephanie.davis@usdoj.gov | |

**DEFENDANT RONALD ZAJAC'S BRIEF IN SUPPORT OF HIS**
**MOTION TO DISMISS THE SEVENTH SUPERSEDING INDICTMENT**

A Fifth Superseding Indictment was filed on March 20, 2013 (Docket No. 41). This

Indictment was returned by Grand Jury 11-5. Grand Jury 11-5 was impaneled on September 9, 2011.

The term expired on March 8, 2013 or March 9, 2013 pursuant to 18 U.S.C. § 3331(a). After the

term expired, the Grand Jury illegally conducted business and heard testimony of the following five

persons after its term expired:

                Martin Bandemer     03-20-13
                Ron Gracia           03-13-13
                Gwen Rosenthal     03-20-13
                Constance Slappey   03-13-13
                Lou Vogt             03-13-13

An indictment returned by a grand jury after its term expired is void. *United States v. Fein,* 504 F.2 1170 (2d Cir. 1974). Federal Rule of Criminal Procedure 6(g) provides that no grand jury shall serve more than 18 months. If the grand jury's term is not extended [which it was not in this case], although it functioned and was treated as if it were a grand jury, was not properly ***in existence*** and the indictments returned by it were invalid [emphases added]. *United States v. Johnson,* 519 U.S. 503, 508 (1943).

In this case, Grand Jury 11-5 ceased to exist on March 8, 2013 or March 9, 2013. Therefore, it could not return an indictment or conduct any other business after March 8, 2013 or March 9, 2013. However, the Assistant United States Attorneys led the group of persons which was previously Grand Jury 11-5 to improperly and illegally act as if it were a grand jury. This is contrary to *Johnson*.

The testimony of the five witnesses who appeared in front of Grand Jury 11-5 listed above after March 9, 2013 should be stricken as void and should be prohibited from any future use. The Assistant United States Attorneys used these void transcripts in pursuit of the Seventh Superseding Indictment.

A Seventh Superseding Indictment was filed on April 16, 2014. The Assistant United States Attorneys provided to defense counsel eight grand jury transcripts from April 9, 2014 and April 16, 2014 from FBI agents who testified in front of the grand jury who returned the Seventh Superceding Indictment. Agent Gwen Rosenthal testified on April 9, 2014 before the grand jury. During her testimony she read from Martin Bandemer's March 20, 2013 grand jury transcript.[1] This grand jury should have never heard this testimony as it was void because it was taken after the expiration of

---

[1]A copy of the transcript can be provided to the Court for an in camera review.

Grand Jury 11-5. Defense counsel does not know what other improperly obtained information was presented to the grand jury who returned the Seventh Superseding Indictment.

Furthermore, all supposed testimony of the three FBI agents were not a verbatim report of prior testimony. Instead, non-verbatim prior testimony was used by at least one FBI agent.

Void is defined as "having no legal effect; not binding or enforceable because of a legal defect." Webster's Legal Dictionary at 282. The Assistant United States Attorneys have no authority to conduct any business with a grand jury after the grand jury's term expires.

In this case, five witnesses appeared in from of supposed Grand Jury 11-5 AFTER its term expired. This Court should deem those five transcripts void as a matter of law. With that declaration, then the Seventh Superseding Indictment must be dismissed because of the irregularity of the proceedings as void transcripts were relied on in returning the Seventh Superseding Indictment.

18 U.S.C. § 3332 provides for powers and duties of a Grand Jury and states in applicable part:

> "(a) It shall be the duty of each such grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be brought to the attention of the grand jury by the court or by any attorney appearing on behalf of the United States for the presentation of evidence. ...
>
> (b) Whenever the district court determines that the volume of business of the special grand jury exceeds the capacity of the grand jury to discharge its obligations, the district court may order an additional special grand jury for that district to be impaneled."

This federal statute requires appropriate inquiry and contemplates per part (b) that significant amounts of time are required for a grand jury to hear testimony, have the opportunity to question witnesses, have the opportunity to assess the credibility of the testimony, assess the demeanor and

credibility of the witnesses and spend significant time in determining whether or not to return an

indictment.

In *Berger v. United States*, 295 U.S. 78, 88 (1935), the Supreme Court stated:

"The United States Attorney is the representative not of any ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense of the servant of the law, the twofold aim of which is that guilt shall not escape innocence suffer. He may prosecute with the earnestness and vigor indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction, as it is to use every means to bring about a just one."

This is further supported by *United States v. Shaygan*, 661 F. Supp. 2d 1289, 1292 (S.D. Fla 2009)

which stated:

"…it is the responsibility of the United States Attorney and his senior staff to create a culture where 'win-at-any-cost' prosecution is not permitted. Indeed, such a culture must be mandated from the highest levels of the United States Department of Justice and the United States Attorney General. It is equally important that the courts of the United States must let it be known that, when substantial abuses occur, sanctions will be imposed to make the risk of non-compliance too costly."

The concept of an eighteen (18) month term supports the argument that a grand jury needs

appropriate time to fulfill its duties.  The United States Attorney's Manual (USAM) provides in

section 9-11.010:

"In dealing with the grand jury, the prosecutor must always conduct himself or herself as an officer of the neither court whose functions is to ensure that justice is done and that guilt shall not escape nor innocence suffer. The prosecutor must recognize that the grand jury is an independent body, whose functions include not only the investigation of crime and the initiation of criminal prosecution but also the protection of the citizenry from unfounded criminal charges. The prosecutor's responsibility is to advise the grand jury on the law and to present evidence for its consideration. In discharging these responsibilities, the prosecutor must be scrupulously fair to all witnesses and must do nothing to inflame or otherwise improperly influence the grand jurors."

Section 9-11.101 of the USAM provides the following:

"While grand juries are sometimes described as performing accusatory and investigatory functions, the grand jury's principal function is to determine whether or not there is probable cause to believe that one or more persons committed a certain Federal offense within the venue of the district court. Thus, it has been said what a grand jury has but two functions – to indict or, in the alternative, to return a "no-bill." *See Wright, Federal Practice and Procedure, Criminal Section 110.*

The Handbook for the Grand Jury ("Handbook") includes certain provisions attached hereto as Exhibit 1. The excerpts of the Handbook include statutes and case laws delineating the requirements of protection of the constitutional due process rights of a defendant. The Government has violated the constitutional due process rights of Defendant Zajac by the methods used in obtaining the Fifth Superseding Indictment and Seventh Superseding Indictment.

The United States Attorney's office was made aware that they conducted business in front of Grand Jury 11-5 after its term expired. The United States Attorney's office then presented evidence to subsequent Grand Jury, which returned the Seventh Superseding Indictment on April 16, 2014. The Assistant United States Attorneys provided only eight transcripts of FBI agent's testimony (which included only excerpts of other witnesses' testimony) to the Grand Jury, which occurred on April 9, 2014 and April 16, 2014. A grand jury's principal function is to determine whether or not there is probable cause to believe a Federal Crime has been committed. It is the responsibility of the grand jury to weigh the evidence presented to it in order to determine if there is probable cause that a crime has been committed.

Here, the Grand Jury, from what has been presented to the Defendants, heard testimony from three FBI agents for only two days and returned a 57 page, 13 count Indictment on the same day the FBI agents were testifying. The Grand Jury was denied the opportunity to determine the credibility of the testimony and to witness and observe the demeanor of the witnesses.

The court must preserve the function of the grand jury and safeguard it against oppressive actions of the prosecutor.  In *United States v. Gallo*, 394 F. Supp. 310, 313-314 (D. Conn. 1975), the court states:

> "At the outset, it is appropriate to emphasize that '[when] the framers of the <u>Bill of Rights</u> directed in the <u>Fifth Amendment</u> that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury,' they were not engaging in a mere verbal exercise.'  <u>United States v. Estepa, supra at 1136</u>. Accordingly, courts must be ever vigilant to preserve the function of the grand jury as an effective 'safeguard against oppressive actions fo the prosecutor ...' <u>Gaither v. United States, 134 U.S. App. D.C. 154, 413 F. 2d 1061, 1066 (1969)</u>, quoting from <u>United States v. Cox, 342 F. 2d 167, 170</u> (5 cir. 1965)."

Laws are made for a reason and are to be followed, and it is up to the Court to uphold the laws. The Assistant United States Attorneys should not be allowed to circumvent the law when they choose because they failed to follow it, and the Court should not choose to ignore it. The United States Attorney's office is well aware of 18 U.S.C. §3331a and the ability to request an extension of the 18-month rule, but they failed to follow the law. The Assistant United States Attorneys and the Court should not ignore the violation by one year later bringing a new grand jury in an attempt to toll the statute of limitations to circumvent the law (18 U.S.C. §3288 doesn't apply because the "Fifth Superseding Indictment" never existed; it was a void nullity, therefore, it cannot be dismissed, and §3288 applies to a "dismissed" indictment.).

In this case the Assistant United States Attorneys have violated the law three times in a row. First, they violated 18 U.S.C. §3331a. Second, they took improper testimony of individuals. Third, they presented such improper testimony (and other testimony) in a way so as to prevent the properly sitting grand jury from the opportunity to assess "the demeanor of the witness, the witness's manner of testifying," etc.  Now, it is up to this Court "to preserve the functions of the grand jury

Page -9-

as an effective "safeguard against oppressive actions of the prosecutor," (as stated in *Gallo* above)

and dismiss the Seventh Superseding Indictment.

The Court in *United States v. Braniff Airways, Inc.,* 428 F. Supp 579, 583 (W.D. Tex. 1977)

eloquently addresses the issue of the role of the grand jury:

> "The Supreme Court has pointed out on several occasions that one purpose of the requirement that an individual be indicted by a grand jury is to place between the prosecutor and the accused an independent body, which can evaluate the evidence and determine if the charge is based upon reason. *Wood v. Georgia 370 U.S. 375, 390, 82 S. Ct. 1364 8L Ed. 2d 569 (1962); Stirone v. United States, 361 U.S. 212, 218, 80 S. Ct. 270, 4 L. Ed. 2d 252 (1960); Ex parte Bain, 121 U.S. 1, 7 S. Ct. 781, 30 L/ Ed. 849 (1887).* The accused has a right "to have the grand jury make the charge on its own judgment." *Stirone v. United States supra at 219 80 S. Ct. at 274.* Neither by depriving the grand jury of its opportunity to evaluate the credibility of witnesses nor by making prejudicial remarks to sway the grand jury may the prosecutor deny the accused this substantial right. As we stress in our instructions to grand juries routinely given in the District of Connecticut:

>> Remember, always your task is to stand as a bulwark between prosecutor and citizen. You have the protection and liberty of the members of this State in your charge. You are to see in that the innocent are not to undergo public trial, unless you are satisfied from the evidence that there is probable cause to believe the accused committed the crime charged. The oath you have taken indicates the impartial spirit with which your duty shall be preformed… One of the most important functions you are to perform is to judge the credibility of the various witnesses who may appear before you. You and you alone are the judges of the credibility of those witnesses., that is, the believability of their statements to you. In reaching your conclusions as to the credibility of any witness you may consider...

>> ... the demeanor of the witness, the witness' manner of testifying, the reasonableness or probability of the witness' story as it is related to you, whether a witness has been corroborated by other witnesses, evidence, or circumstances in the case…

> The courts have expressed a deep concern, and rightly so, that government attorneys be subject to exacting standards which negate conflicts of interest, and more so that their conduct may not suggest even an appearance of impropriety.

> First, this court in a proceeding known as In Re May 1972, San Antonio Grand Jury, reported at 366 *F.Supp 522 (1973)* held that a second grand jury is capable of evaluating testimony received by another grand jury only if it sees the efforts of the prior grand jury in toto. In so holding this Court cited the opinion of Chief Judge Thomsen In *Re Grand Jury Investigation of the Banana Industry, 214 F.Supp 856 (D.Md.1963),* another anti-trust case, in which Judge

Thomsen condemned such practice as lending convenience to the prosecutor at the expense of a fair grand jury investigation. The salutary rationale is plain in Judge Thomsen's concern that a second grand jury render its verdict upon testimony it has heard in full, not from selected versions submitted by the prosecutor that if any part of the testimony of the witness is to be read to another grand jury, the entire testimony should be so read in its complete unedited form and then only when the witness is unavailable for recall."

The methods used by the Government in obtaining the Fifth Superseding Indictment dated March 20, 2013 and the Seventh Superseding Indictment dated April 16, 2014 are in violation of the law as set forth above. It is unknown whether the grand jury that returned the Seventh Superseding Indictment heard from any other witnesses that the three FBI agents on April 9, 2014 and April 16, 2014. Is it further unknown whether the grand jury that returned the Seventh Superseding Indictment received all prior grand jury transcripts and other evidence presented to previous grand juries or whether they had ample time to properly review them. If the grand jury that returned the Seventh Superseding Indictment did not have all of the previous grand jury transcripts and evidence in toto, or that they did not have ample time to evaluate the evidence, then the Seventh Superseding Indictment must be dismissed.

Defendant's constitutional due process rights have been denied. Prosecutors should not be able to pick and choose which laws to follow. In this case, the grand juries have not been able to function properly under the law. The Court should act to safeguard the grand jury process and enforce the laws set up to ensure their proper function. Wherefore, Defendant Zajac requests dismissal of the Seventh Superseding Indictment.

Respectfully Submitted
ERIC A. LADASZ, P.C.


By: ___*/s/ Eric A. Ladasz*___
    Eric A. Ladasz (P65354)
Attorney for Defendant Ronald Zajac
25121 Ford Road
Dearborn, MI 48128
(313) 274-2890
eladasz@yahoo.com

Dated: August 6, 2014


## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2014 I electronically filed the foregoing with the Clerk of

the Court through the ECF system which will send such notification of such filing to all counsel of

record. I have not served anyone a paper copy through the United States Postal Service as it is not

applicable in this case.

    ___*/s/ Eric A. Ladasz*___
Eric A. Ladasz (P65354)
ERIC A. LADASZ, P.C.
25121 Ford Road
Dearborn, MI 48128
(313) 274-2890
eladasz@yahoo.com